UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

TALONDA STARKS,               CASE NO.:

    Plaintiff,

v.

DOLGENCORP, LLC
a Foreign Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Ms. Talonda Starks ("Ms. Starks" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from DOLGENCORP, LLC ("DGC" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Alachua County, Florida.

3. Defendant is a Florida Limited Liability Company that is located and does business in Alachua County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Alachua County, Florida, and therefore the proper venue for this case is the Gainesville Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Starks worked for DGC as a Forklift Driver, from July 1, 2014, until her termination on August 28, 2020.

8. During her long tenure with DGC, Ms. Starks was an excellent employee, with no significant non-FMLA-related performance, attendance, or tardiness issues.

9. Unfortunately, around 2020, Ms. Starks noticed that DGC employees were using blowers in the warehouse, causing dust, metal, and other microscopic particles to enter the airflow of other employees, including Ms. Starks.

10. This dangerous conduct of spreading toxic airborne material made it difficult for Ms. Starks to breathe.

11. The effects of the airborne irritants were particularly disastrous for Ms. Starks, who suffered from multiple serious health conditions which were exacerbated by DCG's dangerous work environment.

12. As a result, Ms. Starks informed her supervisor, Tammy Brock ("Ms. Brock"), of her serious health conditions, including cervical and abdominal adenopathy, hepatosplenomegaly with multiple hepatic and splenic lesions, and multiple lung lesions, as well as possible Sarcoidosis.

13. Ms. Starks also informed Ms. Brock that the poor air quality was triggering her serious health conditions, and that it was becoming increasingly hard to breathe at the store.

14. Ms. Starks also expressed that if DGC refused to address the air quality, she expected her complications to continue.

15. Despite her objections, neither Ms. Brock, nor anyone else at DGC conducted any type of investigation or inquiry into this matter, thus allowing its employees to remain in danger and breathing unclean air.

16. On or about August 3, 2020, Ms. Brock called Plaintiff to a meeting to confront her about her objections to the work conditions and the effect it had on her (and other employees') health.

17. In this meeting, Ms. Starks reiterated her objections to DGC's unsafe workplace and the respiratory problems that the toxic work environment created for her.

18. Again, DGC refused to remedy the situation.

19. Due to DGC's inaction, on August 6, 2020, while on the job, Ms. Starks began having extreme difficulty breathing.

20. Immediately, Ms. Starks reported her symptoms to Ms. Brock and asked for guidance.

21. In response, Ms. Brock left out client sitting outside of her office for around half an hour, refusing to provide guidance or communication regarding Ms. Starks' serious health concerns.

22. Afraid that she would not be able to continue breathing, Ms. Starks left to go to the hospital to be treated that day.

23. Pursuant tot his visit, Ms. Starks applied and was approved for, continuous FMLA ending on August 23, 2020.

24. When Ms. Starks returned to work on August 24, 2020, Ms. Brock informed her that her return-to-work letter was not "detailed enough" and she needed to submit another one.

25. On August 28, 2020, before Ms. Starks could comply with this vague and unreasonable requirement (as her return to work note had no objective deficiency), DGC terminated Plaintiff.

26. That day, Ms. Brock informed Ms. Starks that she was fired, effective immediately, because she "walked off the job" on August 6, 2020 – the day Ms. Starks had to go to the hospital because she could not breathe in DGC's contaminated workplace.

27. This retaliatory firing mere days after Ms. Starks was scheduled to return from protected leave is direct evidence of interference and retaliation in violation of the FMLA.

28. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

29. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

30. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

31. The timing of Plaintiff's use/attempted use of FMLA or what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

32. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

33. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

34. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

35. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

36. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

37. At all times relevant hereto, Plaintiff was protected by the FMLA.

38. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

39. At all times relevant hereto, Defendant interfered with Plaintiff by disciplining her for absences that were covered or should have been covered by the FMLA and by terminating her employment in retaliation for her FMLA usage.

40. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

41. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

42.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-35, above.

43.     At all times relevant hereto, Plaintiff was protected by the FMLA.

44.     At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

45.     At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for attempting to apply for FMLA leave and for attempting to utilize what should have been FMLA-protected leave.

46.     Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

47.     As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

48.     As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of July 2022.

Respectfully Submitted,

**/s/ Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: **noah@floridaovertimelawyer.com**

*Attorneys for Plaintiff*